IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN PARLANTE,

    Plaintiff,

  v.

DAN NEAR,

    Defendant.
                                     /

No. C 09-03336 CW

ORDER DISMISSING COMPLAINT

On July 21, 2009, Plaintiff filed an application to proceed <u>in forma pauperis</u> and a complaint asserting a claim of legal malpractice on the ground that Defendant had failed to file a notice of appeal on Plaintiff's behalf. On October 19, 2009, the Court issued an Order Granting Plaintiff's Application to Proceed <u>In Forma Pauperis</u> and Dismissing Complaint With Leave to Amend in which it held that Plaintiff's sparse allegations failed to state a malpractice clam and that, in an amended complaint, Plaintiff must describe "the case in which he alleges a notice of appeal should have been filed, the ruling he wished to appeal, to whom should the appeal have been made, and that, but for Defendants' error, Plaintiff would have obtained a more favorable result." The Court also instructed Plaintiff to address the statute of limitations for a legal malpractice claim, and if the complaint was filed outside the limitations period, to address the application of equitable tolling.

On November 9, 2009, Plaintiff filed a First Amended Complaint (FAC) and a motion for reinstatement, asking the Court to accept the filing of the FAC and to seal confidential documents. In his

FAC, Plaintiff addresses all the issues raised in the October 19, 2009 Order. Plaintiff alleges that in 2003, Defendant represented him in a criminal case for a misdemeanor violation of California Penal Code § 273A(B), causing willful harm or injury to a child. As a result of his conviction, Plaintiff was incarcerated for sixty days. Plaintiff filed a notice of appeal himself when he was released from jail, but it was untimely. Plaintiff alleges that, but for Defendant's breach of his duty to file a notice of appeal, Plaintiff would have received favorable post judgment relief in his underlying case in the form of an overturned conviction. Plaintiff alleges that equitable tolling applies because he was representing himself in a child dependency case that occurred as a direct result of Defendant's malpractice. The dependency case is currently pending before the California Supreme Court and is expected to be final by December 20, 2009. Plaintiff alleges that he "suffers a legal disability that would not permit him to file a complaint any earlier than after responses to Respondents brief were taken care of."

California Code of Civil Procedure § 340.6(a) governs the statute of limitations for legal malpractice actions, rendering two distinct and alternative limitation periods: one year after actual or constructive discovery of the facts constituting the wrongful act or omission, or four years after the date of the wrongful act or omission, whichever occurs first. Samuels v. Mix, 22 Cal. 4th 1, 5 (1999).

Plaintiff does not dispute that his legal malpractice claim was filed outside the statutory time period. Therefore, for his claim to be viable, tolling must apply.

2

Under § 340.6(a), "[i]n no event shall the time for commencement of legal action exceed four years except that the period shall be tolled during the time that any of the following exist": 1) the plaintiff has not sustained actual injury; 2) the attorney continues to represent the plaintiff regarding the specific subject matter in which the alleged wrongful act occurred; (3) the attorney willfully conceals the facts constituting the wrongful act or omission when such facts are known to the attorney; or (4) the plaintiff is under a legal or physical disability that prevents the plaintiff from commencing legal action. Cal. Code of Civ. Pro. § 340.6(a).

The California Supreme Court has held that "the Legislature expressly intended to disallow tolling under any circumstances not enumerated in [§ 340.6(a)]." Laird v. Blacker, 2 Cal. 4th 606, 618 (1992). Following the Laird decision, many California appellate courts have also held that the tolling provisions contained in § 340.6(a) are exclusive because the statutory language, "in no event shall the time for legal action exceed four years" except under those circumstances enumerated therein, expresses the Legislature's intent to disallow tolling under any other circumstances. Jordache Enters., Inc. v. Brobek, Phleger & Harrison, 18 Cal. 4th 739, 758 (1998); People ex rel. Dep't of Corporations v. Speedee Oil Change Systems, Inc., 95 Cal. App. 4th 709, 725 (2002).

Plaintiff alleges that tolling under § 340.6(a)(4) applies because he was under a legal disability due to his self-representation in a child dependency case which required his "continuous court involvement." In Coscia v. McKenna & Cuneo, 25

3

Cal. 4th 1194, 1209 (2001), the court indicated that tolling for legal disability required that the plaintiff be prevented from filing suit by circumstances beyond his control, such as minority, mental illness or incarceration. Plaintiff's allegation that he was prevented from filing suit due to his involvement in another lawsuit does not rise to these levels of incapacitation. Furthermore, even if a plaintiff is incarcerated, the tolling period is only two years. See Cal. Code Civ. Pro. § 352.1. Here, Plaintiff was immediately aware of Defendant's failure to file the notice of appeal because he filed a notice of appeal himself as soon as he was released from jail. Thus, Plaintiff's claim accrued sometime in 2003 and, to be timely, his malpractice complaint should have been filed sometime in 2004. Plaintiff filed this complaint in 2009, five years beyond the limitations period.

The Court concludes that the tolling provisions of § 340.6(a)(4) do not apply to this case. Thus, Plaintiff's complaint must be dismissed because it is untimely. This dismissal is without leave to amend because amendment would be futile. However, dismissal under the in forma pauperis statute does not foreclose the filing of a paid complaint.

IT IS SO ORDERED.

Dated: February 10, 2010

_____
CLAUDIA WILKEN
United States District Judge

4

| | |
|---|---|
| 1 | UNITED STATES DISTRICT COURT |
| 2 | FOR THE<br>NORTHERN DISTRICT OF CALIFORNIA |

JOHN PARLANTE,

        Plaintiff,

  v.

DAN NEAR et al,

        Defendant.

Case Number: CV09-03336 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 10, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

John Parlante
1920 Windview Ct
Reno, NV 89523

Dated: February 10, 2010

Richard W. Wieking, Clerk
By: Ronnie Hersler, Deputy Clerk

5